Good afternoon. Good afternoon. Okay, let's see. Ms. Groshek, are you ready to proceed? I am ready. You may. Thank you. May it please the court, counsel, and Mr. Beech. My name is Krista Groshek, and I represent Patrick Beech. He's the appellant. I represent him along with Mr. Paul DeLuca, who is also present on this call. As I argued at the district court, this is a case of regret and not rape. You heard that one of the very first things the complaining witness said was, something happened last night that I'm not proud of. The court made explicit findings that what he had here was two drunk people in a confined bathroom space, and both people are very drunk. The complaining witness indicated honestly that she was tripping and stumbling and staggering. She told the officer that while she was in the bathroom, she was really out of it, and if she got up, she'd fall over or pass out. She told the university interviewer, I almost fell over because I was pretty drunk when describing how she felt in the bathroom. The court went on to make very clear findings about why this witness was not credible as it related to five of the six charges. The seminal questions in this appeal revolve around inconsistent verdicts with inconsistent findings, specifically between counts one, two, four, and five. Five is the count in which the court made a guilty finding. There were inconsistent findings regarding force. There was inconsistent findings of mental state and credibility, as I've just mentioned, of the complaining witness in the same temporal timeframe, and that becomes very important. There's not a situation where we've got sort of a bifurcation of sexual acts. We've got two people in a very small bathroom for, well, is it a couple of minutes? Is it a half hour? Is it a couple of hours? But there's never a time where the complaining witness says, oh, I sobered up and now I remember this part, or this part happened at the end. In fact, the complained act, the act in which Mr. Beach gets convicted of happens right in the middle of this encounter. And so what I think you have here is a really interesting question, and that's this, whether an accidental touching of the anus when our district court judge, Judge Geeran, said, I think the evidence supports a finding that he, Mr. Beach, attempted to enter her vagina from behind, and that his penis did touch near her anus in the process of doing that. This was an attempt, count five, is an attempted criminal sexual assault. And what we know about attempts is that it requires specific intent. People, the advisor sort of answers this question in that the finding in that case was, and this is a quote, there is no such criminal offense as an attempt to achieve an unintended result. The state agrees. I'm sorry, Your Honor. Was there a question? Who are you talking to? I don't know. I thought I heard somebody attempting maybe to ask me a question, so I paused. No. Okay. All right. The state agrees, and it's brief, that this is a specific intent crime. They cite Crosby. But then the state and the court uses general intent cases, Smith, Tanner, Thompson, for the claim that the state is not required to prove the type of penetration. But this is where this case is different than any of the other cases that I could find. In this case, the indictment is clear that the charge was attempted criminal sexual conduct for knowingly placing his penis near the anus of the complaining witness. The state breaks down its charging rubric in the following way. The state specifically writes what I would call a bill of particulars, and I don't know if that's a jurisdiction. I suspect it is, where they allege vaginal rape counts one and four, anal rape counts two and five, and transfer of semen, three and six. So the state makes a differentiation and sets forth their allegations in a very specific way. In these other cases, Hawkins in particular, that's an attempt case. It was not specifically alleged. And in that case, the court found that, well, sure, you can make a finding court under the general statute. Is it age? Is it force? There was no specific statement. And in this indictment, there was. And that's why the court's verdict doesn't make any sense. And that's why I think it's very important that you case on point with the same facts and the same stretching of the statute, where under visor, there's a criminal offense and a conviction for an unintended result. I mean, we punish people for committing crimes because they're doing something bad on purpose. They want to achieve that aim. As it relates to this case, we've got a conviction based upon attempted vaginal penetration on an act not charged. The indictment does not say he placed his penis near her anus while he was trying to achieve vaginal penetration. It only notes, I'm sorry, are you still arguing inconsistent verdicts? I am arguing inconsistent verdicts. And I'm happy to move and I'm segueing into the transferred intent and the lack of logic in the court's findings. Wasn't this a bench trial? This was a bench trial, yes. The statute says that it can be considered when it's a jury trial. I think the same logic applies as this court reviews whether or not to reverse this decision. This decision does not make sense. And I can segue into my other arguments. So akin to what we would have in a jury trial, and I did see those rulings in the cases, we've got a very puzzling result that needs correction by this court. In one way, you can look at the court's finding that the state doesn't need to prove specific intent as to the type of penetration, even if their charging document gives notice of the nature of the penetration. That's what I'm getting at. That's why this case is different. Or you can look at it at the court's ruling to mean that the appellant's intent to penetrate the complaining witness's vagina can be transferred to his act of touching her anus, that the attempt was actually for anal penetration. And that's what the state argued, consistent with their own indictment. As to count five, the state argued that Mr. Beach attempted to rape the complaining witness anally. That was their argument. And that's consistent with what they pled. As it relates to count five, it's also puzzling that the court makes specific findings on count four, which is actual criminal sexual assault, that there was not proof of that. He gets acquitted of that, even though, and I'll get into the timeline here, even though that would have been the opportunity for the court to say, well, there's force, this isn't consensual, and there actually was completed vaginal sex, which is what the complaining witness testified to. So right before the alleged anal touching, where he gets convicted of, he actually gets acquitted of the actual vaginal penetration itself. And so I think it makes sense if we go into the timeline. So we've got a timeline where we've got parties talking and engaging in some consensual touching in a hotel room of one of their friends. And then the complaining witness leaves voluntarily with Mr. Beach. They go down two floors. They walk past her room. She waits for him in the bathroom to go and get something. He testifies that it was shorts because she wanted to change her clothes. And then he gives her a friendly tug into the bathroom. And the court finds that he undresses her. The court says the clothes aren't ripped or torn. And the court also made note prior to that, that she was very, very intoxicated and doesn't credit her testimony about her not wanting her clothes to come off. The court does not take notice of the fact that the complaining witness claims she tried to pick her clothes up and leave. And that's important because he makes reference to it later as to why he found that Mr. Beach was guilty on count five. The court made a finding that it wasn't forced when Mr. Beach grabbed the side of her neck and he said she was impeached. She claimed she was strangled or choked, but there was no evidence of any injury. He didn't believe her claim that Mr. Beach kicked her legs out and fell to the ground. The court says that he believed that she fell because she was unsteady due to being drunk. The court makes specific findings that the same nurse didn't find any injuries on her neck. And the court specifically found, this is as to count two and possibly one, that he did not find force because a hand on the side of the neck as it's been described in the testimony, it's not as clear cut to meet use of force. And that's in the record at 518. And that becomes important because a very similar neck grab happens as it relates to count five, but the court says that's force. The court believes Mr. Beach's claim that there was oral sex, even though the complaining witness didn't talk about it. She told the same nurse. So the court believes that that happened and says that that's consensual. And again, this is an order. So we've got the tug into the bathroom, clothes coming off. We've got this alleged, you know, taking her down to the floor. Then we've got consensual vaginal, excuse me, oral sex. Then the court finds they had consensual vaginal sex. Was it five to 10 minutes? Was it 10 to 20 seconds? He gets acquitted of all of that. Now, right after that, so kind of in the middle of things, there was testimony in the court makes findings that the complaining witness said that Mr. Beach stands up and then she tries to leave. And for the second time, tries to grab her clothes. And then in a similar way, grabs her neck again, similar as to counts one and two, only this time it's on the back of the neck. She's standing in front of the sink and he attempts to enter her vagina from behind. And he admits he touched her anus a few times. The court finds force on this. The court does not make any findings that right after this, when they have vaginal sex from behind, that there was any force. So there was any basis for conviction. He gets acquitted of that. And perhaps that's count four. The court also acquits him of what happens next, supposedly, according to the complaining witness, which is him ejaculating on her. He disbelieves that. He says it's not been proven. It's not true. She was intoxicated. She gave conflicting statements. Mr. Beach denied it. So he acquits her of counts three and six relating to ejaculation. So if you look at this timeline, we've got three distinct sexual acts during this entire encounter. We've got oral and vaginal sex on the floor. That's consensual, according to the court's ruling. We've then got an accidental touching of the complaining witness's anus. And he gets convicted of that. Then there's vaginal sex at the sink, with the same kind of, you know, positioning of hands on neck and on the back. He gets convicted of that. And then at the end, there's vaginal sex, according to complaining witness, two ways, face down, face up. And he gets acquitted of that. And he gets acquitted of anything relating to ejaculation. So our issue with this verdict is that if the court was making findings that the complaining witness was too drunk to remember acts one and three, but remembered two, it should be overturned. It doesn't make sense. It isn't logical. It doesn't pass basic muster. And what also doesn't make sense is that there was no force as to act one. I mean, remember, the court heard testimony that supposedly that Mr. Beach kicked her legs out from underneath her. She fell down, hit her head on the toilet or the tub. And the court found no force there. And then when similar acts are alleged with regard to just touching her on the neck, even though the other neck touches, the court specifically says there's no force to that. Now we have a conviction. It just doesn't make any sense. And the court makes findings, I see on that yellow, that really there's two reasons for his conviction as it relates to count five. He says that because she tried to get her clothes for the first time and leave, it suggests that she was no longer consenting. But that wasn't the first time she did that. The previous time was prior to them going down to the floor when he supposedly kicked out and the court didn't believe that. So that's sort of a red herring finding. And the court says, now we're talking about, in my mind, something that she did not want to have happen. And that's a use of force. That's not what a use of force is based upon. And he also makes a fair amount of findings about Mr. Beach apologizing. But that doesn't have an impact on the force finding, even if you determine the verdicts aren't inconsistent. Even if you say, I don't buy this transferred intent problem or idea, the force finding does not make sense for the reasons that I've argued. And it doesn't make any sense with the idea that, well, he apologized. So that must mean that he knew we used force. And he never apologized for anal sex. He never said, oh, my gosh, I pushed it too far. You know, the vaginal sex, that was cool. Oral sex was all right. But he never, ever said, I'm so sorry I pushed the envelope too far and asked you for anal sex. So just nothing in the record. I would ask that this court reverse these findings. Thank you. Thank you. Are there any questions for Ms. Groucho? I don't have any. I have none. Okay. You will have five minutes for rebuttal at the end of the state's presentation. Thank you. Ms. Fleming. Good afternoon, Your Honors. Counsel, may it please the court. Mary Fleming, Assistant State's Attorney on behalf of the people. Your Honors, this is really a reasonable doubt case. And the court made proper credibility determinations that weighed the evidence properly. And with that, we would rest on our brief unless there are further questions by the court. Are there any questions for Ms. Fleming? No, I'm seeing none. Thank you, Ms. Fleming. Thank you very much. Ms. Groucho, any rebuttal? Just briefly, I don't think this is a reasonable doubt case. I think this is a case of first impression that's very important. Because the court was very clear with me and we bantered about this in our motion for judgment of acquittal, right? The court said, well, if I know I have Mr. Beach admitting that he attempted to enter her vagina, but he ended up placing his penis near her anus. And the testimony actually was that it was on her anus. She said she felt some pressure. The court's position is that that's a basis then to convict as it relates to his intent to have that vaginal penetration. If you believe the force findings, which I think there's substantial issues with. The problem with that, as I've stated, is that we did have a bill of particulars. We had a very specific charge and the state gave Mr. Johnson and I notice about how they were going to charge this case and what the charges meant with regard to the allegations. They had specific charges as it related to vaginal sex. They had specific charges related to anal sex and they had specific charges related to the ejaculation. And so accordingly, we structured our defense based upon the notice that we were given. And so in some ways, this becomes a due process issue, right? We structured our defense. And when the state's attorney at trial argued, judge, he tried to forcefully, anally rape her. We positioned our defense and made our argument such that, well, of course not. This wasn't an attempted anal rape. This was a mistake. And I specifically argued that if the court were to convict on those facts, there'd be a lot of people that'd be inadvertently guilty of attempted anal sex. I mean, that's just the reality of the issues. This court can hang its hat on is the force issue. And I do think that the findings that the court made and whether you want to call it inconsistent verdicts or it's akin to inconsistent verdicts or the findings of fact of the court just simply don't make sense. We can't say as to one part of the encounter, a hand on the neck is not force, but a hand on the neck in a very similar way, right? With no evidence of any kind of injury, no bruising, no scraping, no abrasions, just a short time later when she's seen at the nurse that that is force. That appears to be an engineered- Counsel, why can't the judge come to that conclusion? This is not a situation where it's her credibility in the sense that she's making this up. You would agree with that. The credibility issue is her ability to recall what happened based on her intoxication, correct? I believe that's true, but I think because of her intoxication, she didn't remember things correctly. Just like the court said, I don't believe that her feet were kicked out from underneath her. That's your opinion, counsel. But the judge's opinion was, as it related to this particular time on the timeline, that it was not consensual. Isn't it that simple? No, I don't think it is. In fact, there was nothing that changed her mental state during this very short timeline. It's not like she had a couple hours to sober up. It's not like her memory was better in the middle of it than it was at the beginning or the end, when the court made specific findings saying she wasn't remembering things correctly. And let me be clear, Mr. Beach did not endorse that he put his hand on her neck or anything else. Just like she thought she had her feet kicked out from underneath her, I don't think that there's evidence in the record that actually adds up to any force being applied. Even if you believe her hand was on the back of her neck, or on the back of her back. That's the issue with this case, is that it doesn't logically flow that for one part she's not remembering things correctly and the other she is. I think that that's what makes this case different. The other issues that I didn't mention that I would ask the courts to consider is that Mr. Beach was a perfect probation candidate. He's already served his time now, but there was no basis to send him to prison. The case law that was cited references mental injury as it relates to child victims. I understand the court could extrapolate and say, well, that should apply to adults, but there's no case law supporting that. Mr. Beach had this case pending for some time and we thoroughly litigated it. We've got a situation where we have verdicts that just don't make sense and I would ask that this court correct. Thank you. Thank you. We thank both of you for your arguments this afternoon. Judge, can I ask a couple of questions? I apologize. The indictment that I'm looking at in front of me at count five, are you referring to a separate bill of particulars? I'm not. I practice in Minnesota. We have bill of particulars that they requested, but there was no bill of particulars. You're I am because I believe it is akin to because it is so specific. What I would get if we made a motion for a bill of particulars, this is something that we'd get back because they aren't just saying criminal sexual assault. They aren't just citing the statute. Generally, they're actually listing out what type of penetration they are saying constitutes the assault. Well, you're assuming that this indictment is not about an attempted vaginal penetration just because it says that he placed the penis near the anus, correct? I am because if you look at count four, right, the state does make that differentiation. The state makes that differentiation at count one also. The state endorsed that position at trial. They argued at trial. Judge, here, he's guilty of count one. That's vaginal assault. Here, he's guilty of count two. That's anal assault. Here, he's guilty of count three. That's the argued consistent with how they charged it. We defended consistent with how they charged it. And so now to say that, oh, well, the type of penetration that doesn't need to be proven appears to sort of change the game and take away the fairness element of the defendant having notice of how to defend himself. And you made the same argument before Judge Guerin when he said, I don't agree with that. The state's indictment says with the attempt to commit criminal sexual assault, that can be vaginal assault. And if not, I did make that argument before him. I don't know. You know, was I as clear as I am today after having thought about this now for another couple of years? But I did argue that we believe it was very clear in the state endorsed that we we believe count five is about anal sex, attempted anal sex. Thank you. That's all. Thank you. Are there any other questions? I have none. Okay. Let me go back and thanking you again for your arguments this morning or afternoon. And we will take the matter under advisement and we'll issue a written decision as quickly as possible.